UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------
MARCUS AYUSO,

                      Petitioner,

    - against -

THOMAS LAVALLEY,

                      Respondent.
------------------------------------------------------------ X

**MEMORANDUM**
**DECISION AND ORDER**

12 Civ. 0932 (BMC)

**COGAN**, District Judge.

    Petitioner brings this habeas corpus petition pursuant to 28 U.S.C. § 2254 seeking to challenge his state court conviction for burglary, petit larceny, and possession of stolen property. The petition does not state any grounds for relief and there is no brief in support. In a Memorandum Decision and Order dated April 9, 2012, this Court construed the petition as raising both points of error that petitioner exhausted on direct appeal. The Court found that neither point of error appeared to have merit, and gave petitioner the opportunity to "make any submission he deems appropriate within 20 days" and the Court would "consider any arguments raised in such submission" and determine whether a submission from respondent was necessary.

    In a letter received by this Court on April 25, 2012, petitioner explained that he filed this petition because he was "running out of time to file it," presumably under the one-year time limit found in 28 U.S.C. § 2244(d)(1)(A). Petitioner further explained that he has "other issues to bring" in state court before this Court adjudicates his habeas petition. He therefore requests a

stay from this Court while he exhausts these other claims, the details of which are unknown to this Court.

In general, when a § 2254 petition contains both exhausted and unexhausted claims – a so-called "mixed petition" – a district court should give the petitioner two options: 1) withdraw the unexhausted claims and proceed solely on the exhausted claims; or 2) withdraw the entire petition, exhaust the remaining claims in state court, and return to the district court with a fully exhausted petition. See Rose v. Lundy, 455 U.S. 509, 520-522, 102 S. Ct. 1198 (1982). If a petitioner chooses the first option, he risks forfeiting federal review on his unexhausted claims altogether, since a subsequent petition raising these claim after exhaustion would run into the "second or successive petition" bar found in 28 U.S.C. § 2244(b)(1).[1] On the other hand, if a petitioner chooses the second option, the one-year time limitation found in 28 U.S.C. § 2244(d)(1)(A) may have expired by the time he has fully exhausted his claims.

However, this Court cannot give petitioner the options set forth in Rose because there is no mixed petition before this Court. The petition does not set forth any grounds for relief at all. When a petitioner has not pled both exhausted and unexhausted claims in his petition, the Court may not provide petitioner with the options available in mixed petition cases. See Ayala v. Artus, No. 07-CV-404S, 2007 WL 2750668, *1 (W.D.N.Y. Sept. 19, 2007).

For the same reason, this Court may not grant petitioner's request for a stay of this habeas proceeding while petitioner exhausts his remaining claims in state court. Although a § 2254

---

[1] Under this provision, a petitioner may not file a second habeas petition after his first petition was adjudicated on the merits unless a three-judge panel of the court of appeals determines that the petition "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." This standard is extremely difficult to meet.

petitioner may be entitled to a stay if he meets the requirements set forth by the Supreme Court in Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005), that only applies to a petition containing both exhausted and unexhausted claims. According to Rhines, a § 2254 petitioner is not entitled to a stay of his mixed petition unless he demonstrates: 1) that he had "good cause" for failing to exhaust his claims in state court before bringing his federal habeas petition; and 2) that his unexhausted claims are "potentially meritorious." Rhines, 544 U.S. at 277-78.

For this Court to determine whether petitioner can be afforded the choices set forth in Rose and whether petitioner might be entitled to a stay pursuant to Rhines, petitioner must set forth each of his unexhausted claims in detail. Petitioner's submission is due within 20 days from the date of this Order. If he elects to pursue a stay, petitioner must explain to this Court: 1) why he failed to exhaust all of his claims before bringing this federal action; and 2) why his unexhausted claims are "potentially meritorious." If petitioner elects to pursue a stay, he should also submit copies of the papers he has filed in state court in support of his unexhausted claims.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
April 30, 2012

3